HANS C. STRICKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9497. Promulgated May 25, 1928.

*Theodore Wachtell*, C. P. A., for the petitioner.
*A. S. Lisenby*, Esq., for the respondent.

OPINION.

LITTLETON: The deduction here claimed is for a loss alleged to have been sustained in connection with a sale in 1921 of certain stock acquired by the petitioner in 1917. The deductible loss, if one was sustained, is to be measured by the difference between the cost and the sales price. Section 202, Revenue Act of 1921. The evidence submitted does not satisfactorily establish either the cost of the stock to petitioner or the amount received by him upon its disposition.

With respect to the cost, the record shows that on January 2, 1917, the excess of assets as shown by the books of petitioner's individual business over the liabilities on that date was $6,260.93. The stock in question, however, was not acquired on January 2, 1917, but on March 8, 1917, when the corporation was organized and took over the petitioner's business. During this period the business was carried on as though the corporation were in existence but whether the net value of the assets exchanged for the stock was the same as the book value on January 2, 1917, or whether this value had increased or decreased by March 8, 1917, we do not know. Business was being conducted and, at least as to the amount of cash on hand, considerable change had taken place from January 2, 1917, to February 28, 1917. That the decrease in the cash which was reflected on February 28, 1917, might have been offset by another asset of equivalent or

greater value is possible, but as to this we can not speculate and the burden of establishing the true value of the assets transferred on March 8, 1917, was on the petitioner, and this burden, we are not satisfied is met by a showing of the book value of the assets owned three months prior to the transfer. Prior to the formation of the corporation, the assets were owned by the petitioner, and whatever their market value was on the date of transfer in exchange for the stock must govern in determining the cost of the stock to the petitioner. Since we do not have this evidence, we are unable to determine the cost as required by the statute.

Likewise, we are without satisfactory information as to the amount petitioner received for the stock in 1921. His contention seems to be that the stock cost him $6,260.93 and that when he sold it he relinquished his claim against the corporation for $12,500.99, money loaned; that as consideration he received, in 1921, $3,400 in cash and assets of a net book value of $4,717.66. On this theory, a loss of $10,644.26 is claimed. The evidence, however, does not establish what the entire transaction was. In the first place, the record does not show whether the cash alone was paid for the stock or whether the cash and other assets were received for the stock and the alleged relinquishment of the claim. The evidence is likewise unsatisfactory as to what final disposition was made of the petitioner's claim for $12,500.99. That it might have been relinquished and that the petitioner might have received for such relinquishment certain net assets are possible, but the evidence is insufficient to establish either fact. Finally, we are unable to say from the record that the only consideration received by the petitioner in the transaction in question was cash and the net assets which he was allowed to retain. The record shows that the petitioner entered the employment of the purchaser of the stock, and in the petition it is alleged (though this is denied by the Commissioner) that a part of the consideration for the sale of the stock and the relinquishment of the claim was an offer of employment at $10,000 per year. To what extent this was consideration, if at all, either for the sale of the stock or the alleged relinquishment of the claim, we are not able to determine. Apparently, the basis of the entire transaction was reduced to writing, but this was not presented to the Board in a satisfactory manner.

On the record before us, we can only sustain the action of the Commissioner.

Reviewed by the Board.

*Judgment will be entered for the respondent.*